COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                        SUPERIOR COURT DEPT.
                                                   CIVIL ACTION NO. 04-4067B

| | |
|---|---|
| MARIA MIARA, ) | |
|     Plaintiff ) | |
| ) | FIRST AMENDED |
| v. ) | COMPLAINT |
| ) | AND JURY DEMAND |
| FIRST ALLMERICA FINANCIAL ) | |
| LIFE INSURANCE COMPANY, ) | |
| JOSEPH F. BONASERA, BAKER ) | |
| ASSOCIATES INSURANCE ) | |
| AGENCY, INC., and ) | |
| GARY M. BAKER, ) | |
|     Defendants ) | |
| ) | |

## Parties

1. Plaintiff is an individual residing in Lynnfield, Essex County, Massachusetts.

2. Defendant Baker Associates Insurance Agency, Inc. ("Baker Associates") was a Massachusetts corporation with a principal office in Boston, Suffolk County, Massachusetts. Baker Associates was formerly known as Bloom-Baker Insurance Association ("Bloom-Baker").

3. Defendant Gary M. Baker ("Baker") is an individual residing, on information and belief, in Mashpee, Barnstable County, Massachusetts. At all times material hereto, Baker was the principal officer, shareholder, and authorized representative of Baker Associates.

4. Defendant First Allmerica Financial Life Insurance Company ("Allmerica") is a Massachusetts corporation with a principal office in Worcester, Worcester County, Massachusetts. Allmerica was formerly known as State Mutual Life Assurance Co. ("State Mutual").

13. On August 22, 1996, Plaintiff's husband was killed in an automobile accident. Shortly thereafter, Bonasera told Plaintiff that in order to get the PBGC survivor benefits, she would have to close the company and put it into bankruptcy.

14. On October 8, 1996, Allmerica sent Plaintiff written death benefit information, informing her that she could either start collecting monthly death benefits of $1,382.80 as of September 1, 1996, or defer collection until February 1, 2002, at which time she would get a monthly benefit of $2,457.27. When Plaintiff spoke with Bonasera about the options, he reiterated that she would get the full spousal benefit regardless of which option she chose. Plaintiff wrote to Allmerica on December 4, 1996, to inform the company that she chose the second option.

15. In reliance on Bonasera's representations that she would have to close the business and put the company into bankruptcy in order to get the death benefits from PBGC, Plaintiff liquidated the company's assets at a loss and filed for Chapter 7 bankruptcy protection.

16. On January 6, 1997, Allmerica wrote to Plaintiff again, this time to inform her of an error in the October 8, 1996 death benefit information that it had sent her in October 1996. The letter informed Plaintiff that the first option was the same as outlined previously but that the second had been misstated. Instead of a monthly benefit of $2,457.27 if she deferred payment until February 1, 2002, Plaintiff was told that she would receive $1,952.97 if she elected to receive benefits at that time, and $2,664.35 if she deferred until February 1, 2006. The letter further informed her that payments "will commence . . . on February 1, 2006, unless written consent to commence payments as of an earlier date is received." Plaintiff chose not to commence the benefits earlier than February 1, 2006, and fully expected to begin to receive $2,664.35 a month beginning on February 1, 2006.

3

17. However, by letter dated June 12, 2002, PBGC notified Plaintiff that she was entitled to a monthly survivor payment of just $531.76 a month if she deferred payment until February 1, 2006, and only $415.84 a month if she opted for an early retirement option. This was the first notice that Plaintiff had that she might not receive the full spousal survivor benefits that she had been promised by Baker and Bonasera.

18. Plaintiff appealed PBGC's determination. By letter dated June 12, 2003, PBGC denied her appeal, explaining that the survivor benefits were substantially lower than had been represented to her because she and her husband were "substantial owners" of the company and the plan had terminated early.

19. PBGC substantially limits survivor benefits to "substantial owners" when a plan is terminated early. A "substantial owner" is anyone holding more than five percent of a company's stock.

20. PBGC's "substantial owner" limitations were, or should have been, well known by Baker, Baker Associates, Bonasera and Allmerica. Each of the defendants should have disclosed the limitations to Plaintiff and her husband prior to their purchasing the plan, but did not.

21. Neither Baker, Baker Associates, Bonasera nor anyone else from Allmerica ever disclosed PBGC's "substantial owner" limitations. To the contrary, Baker and Bonasera repeatedly led Plaintiff to believe that there were no such limitations, and that upon her death or upon the death of her husband, the surviving spouse was guaranteed by PBCG to receive 100% spousal survivor benefits. Even after the death of Plaintiff's husband, Allmerica and Bonasera assured Plaintiff that she was entitled to full spousal monthly benefits exceeding $2,000.

22. Plaintiff and her husband purchased the plan specifically in reliance upon the representations by Baker and Bonasera that they were guaranteed to receive full spousal benefits if one or the other

4



died. Had they known of the substantial owner limitations, they would not have purchased the plan. In addition, Plaintiff would not have folded the company.

## COUNT ONE
### Promissory Estoppel

23. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1-22.

24. Baker and Bonasera made promises that they reasonably should have expected to induce action on the part of the Plaintiff.

25. The promises made by Baker and Bonasera induced such action.

26. The promises have been breached.

27. As a result of the breached promises and Plaintiff's reasonable reliance on the promises, Plaintiff has been substantially harmed.

28. Injustice can be avoided only by enforcement of the promises made by Baker and Bonasera.

29. Baker and Bonasera are liable to the Plaintiff because of their active participation in the misleading promises and personal benefits obtained from selling the pension plan to New England Chain and reasonable reliance thereon by Plaintiff.

30. Baker Associates and Allmerica are liable to the Plaintiff as the principals and/or employers of Baker and Bonasera.

## COUNT TWO
### (Negligent Misrepresentation)

31. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1-22.

32. Baker's and Bonasera's representations to Plaintiff about the spousal benefits she would receive under the plan constitute negligent misrepresentations of material fact on which the Plaintiff reasonably relied to her detriment.

33. Bonasera and Allmerica made further negligent representations to Plaintiff after the death of her husband on which the Plaintiff reasonably relied to her detriment.

34. As a result of the negligent representations, Plaintiff has suffered substantial damages for which all defendants are liable.

35. Baker and Bonasera are liable to the Plaintiff because of their active participation in the negligent misrepresentations and personal benefits obtained from selling the pension plan to New England Chain.

36. Allmerica is liable to the Plaintiff because of its own negligent misrepresentations as well as because of its status as the Bonasera's principal and/or employer.

37. Baker Associates is liable to the Plaintiff as Baker's principal and/or employer

## COUNT THREE
### (Malpractice)

38. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1-22.

39. The defendants owed a duty of care to the Plaintiff to exercise reasonable skill, care and diligence in procuring an appropriate retirement and pension plan.

40. The defendants failed to exercise the knowledge, skill and care ordinarily employed by members of their profession.

41. As a direct proximate cause of the defendants' negligence, Plaintiff suffered substantial damages for which all defendants are liable.

6

## COUNT FOUR
### (Breach of Contract)

42. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1-22.

43. Plaintiff and her husband contracted with the defendants to purchase a pension plan that guaranteed full survival spousal benefits.

44. The defendants' conduct, including its failure to provide a pension plan that provided full survival spousal benefits, is a breach of a contract.

45. As a result of defendants' breach of contract, Plaintiff has suffered substantial damages.

## COUNT FIVE
### (Breach of Guaranty)

46. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1-22.

47. Defendants' conduct, including their guaranties that Plaintiff would receive full spousal benefits under the plan and their failure to provide a plan that did in fact guarantee such payments constitutes a breach of guaranty.

48. As a result of defendants' breach of guaranty, Plaintiff has suffered substantial damages.

## COUNT SIX
### (Breach of Covenant of Good Faith and Fair Dealing)

49. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1-22.

50. Defendants' conduct constitutes a breach of their implied covenant of good faith and fair dealing, a result of which the Plaintiff has suffered substantial damages.

7

## COUNT SEVEN
### (Consumer Protection Act)

51. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1-22.

52. The defendants are engaged in trade and commerce as defined under M.G.L.c. 93A.

53. The defendants committed unfair or deceptive trade acts and practices in violation of M.G.L.c. 93A, by their conduct, including, but not limited to their violation of regulations promulgated by the Attorney General under M.G.L. c. 93A, including but not limited to 940 CMR 3.01 (Warranty/Guarantee), 940 CMR 3.03 (Deceptive Advertising of Guarantees), 940 CMR 3.05 (General Misrepresentations), 940 CMR 3.08(2)(Warranties) and 940 CMR 3.16 (General).

54. Plaintiff further avers that the acts and practices of the defendants were willful and intentional, for which they are liable for multiple damages and reasonable attorney's fees and costs.

55. The Plaintiff has performed all necessary conditions precedent to this action within the purview of Mass. Gen. Laws ch. 93A, including the sending of a demand letter to the defendants, in response to which the defendants failed to make a reasonable offer of settlement.

WHEREFORE, Plaintiff demands the following relief:

A. That a Judgment issue against the defendants in favor of the Plaintiff, together with costs and interest, with an Execution to issue,

B. That judgment against the defendants in favor of the Plaintiff in treble the amount of the Plaintiff's actual damages pursuant to G.L. ch. 93A, §11.

8

# Commonwealth of Massachusetts

Rec'd 4:15 pm 9/28/04

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-4067-B

MARIA MIARA , Plaintiff(s)

v.

FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY,
JOSEPH F. BONASERA, BAKER ASSOCIATES INSURANCE AGENCY, INC.
and GARY M. BAKER , Defendant(s)

## SUMMONS

To the above-named Defendant: Baker Associates Insurance Agency, Inc.

You are hereby summoned and required to serve upon Shannon M. Fitzpatrick ~~Nathanson & Goldberg, P.C.~~ plaintiff's attorney, whose address is 2 Oliver St., Boston, MA 02109 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the 17th day of September , in the year of our Lord two thousand four .

Michael Joseph Donovan
Clerk/Magistrate

9/23/04

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.