UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARIA MIARA, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>FIRST ALLMERICA FINANCIAL )<br>LIFE INSURANCE COMPANY, )<br>JOSEPH F. BONASERA, BAKER )<br>ASSOCIATES INSURANCE AGENCY INC. )<br>and GARY M. BAKER, )<br>)<br>　　　　Defendants. )<br>) | Civil Action No. 04-12188-WGY |

**FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY'S
ANSWER TO FIRST AMENDED COMPLAINT, AND AFFIRMATIVE DEFENSES**

　　　　Defendant First Allmerica Financial Life Insurance Company ("Allmerica"), hereby answers the allegations of the Complaint, as follows:

　　　　1.　　Upon information and belief: admitted.

　　　　2.　　Upon information and belief: admitted.

　　　　3.　　Upon information and belief: admitted.

　　　　4.　　Admitted.

　　　　5.　　Allmerica denies the second sentence of paragraph 5. Allmerica is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 5, and, therefore, Allmerica denies such allegations in paragraph 5.

　　　　6.　　Upon information and belief: admitted.

{B0346039; 2}

7. Allmerica is without knowledge or information sufficient to form a belief as to the allegations in paragraph 7, and, therefore, Allmerica denies the allegations in paragraph 7.

8. Allmerica is without knowledge or information sufficient to form a belief as to the allegations in paragraph 8, and, therefore, Allmerica denies the allegations in paragraph 8.

9. Allmerica is without knowledge or information sufficient to form a belief as to the allegations in paragraph 9, and, therefore, Allmerica denies the allegations in paragraph 9.

10. Allmerica is without knowledge or information sufficient to form a belief as to the allegations in paragraph 10, and, therefore, Allmerica denies the allegations in paragraph 10.

11. The allegations in paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 11 contains allegations which require a response, they are denied by Allmerica.

12. Admitted that there exists a Group Annuity Flexible Investment Contract with Separate Investment Accounts Dividends Apportioned Annually, which document speaks for itself. Allmerica further responds that the reference to the "Renewal" included in Paragraph 12 is too vague to respond to. Therefore, Allmerica denies the remainder of the allegations in Paragraph 12.

13. Upon information and belief, Allmerica admits the first sentence in paragraph 13. Allmerica is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 13, and, therefore, Allmerica denies such allegations in paragraph 13.

14. Admitted that correspondence dated October 8, 1996 was sent to Maria Miara, the terms of which speak for themselves. Admitted that, on or about December 4, 1996, Allmerica received correspondence from Maria Miara, the terms of which speak for themselves. Allmerica is without knowledge or information sufficient to form a belief as to the allegations in the second

sentence of paragraph 14, and, therefore, Allmerica denies the allegations in the second sentence in paragraph 14.

15. Denied, except that upon information and belief, New England Chain Link Fence filed for Chapter 7 bankruptcy.

16. Admitted that, on or about January 6, 1997, Allmerica sent correspondence to Maria Miara, the terms of which speak for themselves. Allmerica is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 16, and, therefore, Allmerica denies such allegations in paragraph 16.

17. Allmerica is without knowledge or information sufficient to form a belief as to the first sentence of paragraph 17, and, therefore, Allmerica denies the allegations in the first sentence of paragraph 17. Allmerica denies the remaining allegations in paragraph 17.

18. Allmerica is without knowledge or information sufficient to form a belief as to the allegations in paragraph 18, and, therefore, Allmerica denies the allegations in paragraph 18.

19. The allegations in paragraph 19 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 19 contains allegations which require a response, they are denied by Allmerica.

20. The allegations in paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 20 contains allegations which require a response, they are denied by Allmerica.

21. To the extent that the allegations of paragraph 21 describe the alleged actions of other parties, Allmerica is without knowledge or information sufficient to form a belief as to such allegations. Allmerica denies the remaining allegations in paragraph 21.

22. The allegations in paragraph 22 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 22 contains allegations which require a response, they are denied by Allmerica.

### COUNT ONE
### (Promissory Estoppel)

23. Allmerica incorporates by reference its responses to paragraphs 1-22, as set forth above.

24. The allegations in paragraph 24 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 24 contains allegations which require a response, they are denied by Allmerica.

25. The allegations in paragraph 25 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 25 contains allegations which require a response, they are denied by Allmerica.

26. The allegations in paragraph 26 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 26 contains allegations which require a response, they are denied by Allmerica.

27. The allegations in paragraph 27 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 27 contains allegations which require a response, they are denied by Allmerica.

28. The allegations in paragraph 28 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 28 contains allegations which require a response, they are denied by Allmerica.

29. The allegations in paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 29 contains allegations which require a response, they are denied by Allmerica.

30. The allegations in paragraph 30 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 30 contains allegations which require a response, they are denied by Allmerica.

## COUNT TWO
### (Negligent Misrepresentation)

31. Allmerica incorporates by reference its responses to paragraphs 1-30, as set forth above.

32. The allegations in paragraph 32 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 32 contains allegations which require a response, they are denied by Allmerica.

33. The allegations in paragraph 33 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 33 contains allegations which require a response, they are denied by Allmerica.

34. Denied.

35. The allegations in paragraph 35 of the Complaint are legal conclusions to which no response is required. To the extent that the allegations in paragraph 35 are directed solely against other parties, no response is required. To the extent that paragraph 35 contains allegations which require a response, they are denied by Allmerica.

36. The allegations in paragraph 36 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 36 contains allegations which require a response, they are denied by Allmerica.

37. The allegations in paragraph 37 of the Complaint are legal conclusions to which no response is required. To the extent that the allegations in paragraph 37 are directed solely against other parties, no response is required. To the extent that paragraph 37 contains allegations which require a response, they are denied by Allmerica.

## COUNT THREE
### (Malpractice)

38. Allmerica incorporates by reference its responses to paragraphs 1-37, as set forth above.

39. The allegations in paragraph 39 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 39 contains allegations which require a response, they are denied by Allmerica.

40. The allegations in paragraph 40 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 40 contains allegations which require a response, they are denied by Allmerica.

41. Denied.

## COUNT FOUR
### (Breach of Contract)

42. Allmerica incorporates by reference its responses to paragraphs 1-41, as set forth above.

43. The allegations in paragraph 43 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 43 contains allegations which require a response, they are denied by Allmerica.

44. The allegations in paragraph 44 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 44 contains allegations which require a response, they are denied by Allmerica.

45. Denied.

## COUNT FIVE
### (Breach of Guaranty)

46. Allmerica incorporates by reference its responses to paragraphs 1-45, as set forth above.

47. The allegations in paragraph 47 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 47 contains allegations which require a response, they are denied by Allmerica.

48. Denied.

## COUNT SIX
### (Breach of Covenant of Good Faith and Fair Dealing)

49. Allmerica incorporates by reference its responses to paragraphs 1-48, as set forth above.

50. Denied.

## COUNT SEVEN
### (Consumer Protection Act)

51. Allmerica incorporates by reference its responses to paragraphs 1-50, as set forth above.

52. To the extent that the allegations in paragraph 52 are directed solely against other parties, no response is required. Allmerica admits it is engaged in trade or commerce.

53. The allegations in paragraph 53 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 53 contains allegations which require a response, they are denied by Allmerica.

54. The allegations in paragraph 54 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 54 contains allegations which require a response, they are denied by Allmerica.

55. Admitted that, on or about April 23, 2004, Allmerica received correspondence from Maria Miara, the terms of which speak for themselves. Allmerica denies the remaining allegations in paragraph 55.

## AFFIRMATIVE DEFENSES

Allmerica states the following affirmative defenses to the claims asserted by Maria Miara (the "Plaintiff") in the Complaint:

### First Affirmative Defense

1. The Complaint fails for various reasons to state a claim for which relief can be granted.

### Second Affirmative Defense

2. Plaintiff is barred from recovery by reason of her unclean hands.

### Third Affirmative Defense

3. Plaintiff is barred from recovery by the statute of limitations and by operation of the doctrine of laches.

### Fourth Affirmative Defense

4. Plaintiff has waived the claims asserted herein.

- 9 -

### Fifth Affirmative Defense

5. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### Sixth Affirmative Defense

6. Plaintiff's claims are barred in whole or in part by plaintiff's lack of standing.

### Seventh Affirmative Defense

7. Plaintiff's common law claims fail to the extent that they are preempted by federal law.

### Eighth Affirmative Defense

8. Defendant engaged in no unfair or deceptive acts within the meaning of the Massachusetts Consumer Protection Act, G.L. c. 93A, and no allegedly unfair or deceptive act was done willfully or knowingly.

### Ninth Affirmative Defense

9. Plaintiff's alleged injuries were caused by the negligence or contributory negligence of Plaintiff and/or third parties.

WHEREFORE, Defendant prays for dismissal of the Complaint, or for judgment in its favor thereon, and for such other relief as is appropriate and just.

                                            Respectfully submitted,

FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY,

By its attorneys,

Dated: November 17, 2004                 /s/ Cherie Bosarge Dutton
Cherie Bosarge Dutton  (BBO #655136)
cdutton@sandw.com
William T. Matlack  (BBO #552109)
wmatlack@sandw.com
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA  02109
(617) 338-2800