UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-12188WGY

| | |
|---|---|
| MARIA MIARA,<br>Plaintiff,<br><br>v.<br><br>FIRST ALLMERICA FINANCIAL<br>LIFE INSURANCE COMPANY,<br>JOSEPH F. BONASERA, BAKER<br>ASSOCIATES INSURANCE AGENCY<br>INC., and GARY M. BAKER,<br>Defendants | OPPOSITION OF BAKER<br>ASSOCIATES INSURANCE<br>AGENCY, INC., AND GARY M.<br>BAKER TO PLAINTIFF'S MOTION<br>TO REMAND |

## PRELIMINARY STATEMENT

Plaintiff claims that this matter should be remanded because her causes of action do not involve the administration of the pension plan under the Employee Retirement Security Act of 1974 (ERISA). Rather, plaintiff alleges that her causes of action involve the "procurement of the plan." There is no merit to this assertion. The claims asserted, promissory etoppel, negligent misrepresentation, malpractice, breach of contract, breach of guaranty, breach of good faith and fair dealing, and violation of M.G.L. ch. 93A, are grounded in the plaintiff's contention that she is entitled to recover money damages pursuant to her claim for pension benefits under a Defined Benefits Plan purchased by the plaintiff and her now deceased husband. The monthly death benefit provided under the Defined Benefits Plan is alleged to have changed in 2002 from the monthly death benefit initially elected in 1996 and 1997. Accordingly, the claims involve the administration of her pension plan and should not be remanded.

# FACTS

1. Plaintiff and her now deceased husband purchased a Defined Benefits Plan from State Mutual Life Assurance Company (now First Allmerica Financial Life Insurance Company ("Allmerica")), effective September 1, 1989.

2. The Pension Benefit Guaranty Corporation ("PBGC") guaranteed the plan.

3. In August of 1996 plaintiff's husband was killed.

4. On October 8, 1996, Allmerica sent plaintiff written death benefit information under the Defined Benefits Plan informing her that she could either start collecting a monthly death benefit in the amount of $1,382.80 as of September 1, 1996 or defer collection until February 1, 2002, at which time she would receive a monthly death benefit in the amount of $2,457.27.

5. On January 6, 1997 Allmerica sent plaintiff amended information regarding the Defined Benefits Plan. The letter explained that plaintiff could either start collecting a monthly death benefit in the amount of $1,382.20 as of September 1, 1996 as previously described or she could receive $1,952.97 if plaintiff elected to receive her monthly death benefit starting on February 1, 2002. Plaintiff was further informed that she could collect a monthly death benefit in the amount of $2,664.35 if she deferred until February 1, 2006.

6. On June 12, 2002 PBGC sent plaintiff amended information regarding her monthly death benefit under the Defined Benefits Plan. PBGC informed plaintiff that she was entitled to a monthly payment in the amount of $531.76 if she deferred payment until February 1,

   2006 or a monthly payment in the amount of $415.84 if plaintiff selected early retirement.

7. On June 12, 2003 PBGC sent plaintiff a letter denying her appeal of their interpretation of the death benefits under the plan.

## ARGUMENT

This case is governed by ERISA because the plaintiff's allegations are related to the administration of the Defined Benefits Plan and not based solely on the "procurement of the plan." Section 514 of ERISA provides in part that ERISA's provisions shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan. See 29 U.S.C. § 1144(a). The sole issue in this case is whether the plaintiff's claim to pension benefits payable under a Defined Benefits Plan should be based on the figures provided to the plaintiff in 1997 or on figures provided to the Plaintiff in 2002. This claim should be preempted because the Plaintiff is simply asserting that she is entitled to more money based upon what she believes she is entitled to under the Defined Benefits Plan rather than what the Defined Benefits Plan actually provides and thus her causes of action relate to the administration of the Defined Benefits Plan.

In interpreting § 514 of ERISA the First Circuit has stated, "the key question for section 514 purposes is whether Plaintiff's causes of action 'relate to' an employee benefit plan." Gianetti v. Mahoney, 218 F. Supp. 2d 8, 13 (D. Mass. 2002). A law 'relates to' an employee benefits plan if it has a connection with or reference to such a plan. See Pace v. Signal Technology Corporation, 417 Mass. 154, 156 (1994). A state law may 'relate to' a benefit plan,

3

and be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect. See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990).

In support of her motion the plaintiff cites Cuoco v. Nynex, Inc., 722 F. Supp. 884 (D. Mass. 1989), where the court made a ruling on the merits that ERISA preemption did not apply. The court noted that "plaintiff's claims arise not from the deprivation of any rights under the NYNEX plan but from the series of promises and misrepresentations…" Id. at 886. The case at bar is distinguishable from Cuoco because the plaintiff in the instant case is asserting her rights under the Defined Benefits plan to receive certain monetary benefits. The plan is alleged to have been in effect since September 1, 1989. The plaintiff's initial election under the Defined Benefits Plan occurred in October of 1996 when she elected to begin receiving benefits in February of 2002. In January of 1997, upon receipt of further information regarding the plan, the plaintiff changed her election and decided to receive benefits in February of 2006.

However, in Cuoco the plaintiff received health insurance benefits that she was never in fact entitled to from her plan with the defendant. Unlike the plaintiff in the instant case, who elected a specific death benefit under her pension plan, the plaintiff in Cuoco never actually elected specific benefits under her health insurance plan and therefore in Cuoco the plaintiff's causes of action were not related to the administration of the benefits plan. Id. The Cuoco court ruled that the plaintiff's claims were too tenuous to warrant a finding that the common law upon which the plaintiff relied would be preempted by ERISA. Id. at 886-887.

The Cuoco court further noted:

> When the resolution of state law claims will neither "determine whether any benefits are paid" nor "directly affect the administration of benefits under the plan," the claims do not "relate to" ERISA and accordingly are not preempted.

Id. at 887. The resolution of the state law claims alleged by the plaintiff will directly affect the administration of the benefits under her Defined Benefits plan because a determination will be made as to the amount of the death benefit to be paid to the plaintiff pursuant to the Defined Benefits Plan. Furthermore, it is not disputed that benefits under the Defined Benefits Plan will be paid out to the plaintiff.

Plaintiff further cites Industrial Technical Services v. Phoenix Home Life Mutual Insurance Co., which is likewise distinguishable from the instant case, where the court ruled that [Plaintiff's] claims do not create any risk to the administration of the plan per se or the calculation of the benefits as the plan exists. See Industrial Technical Services v. Phoenix Home Life Mutual Insurance Co., 866 F.Supp. 48, 50 (D. Mass. 1994). However, the instant case does involve the calculation of the monthly death benefit to be paid to the plaintiff and hence involves the administration of the plan.

Moreover, the First Circuit has ruled that some misrepresentation claims made by plaintiff's are preempted by ERISA. See Vartanian v. Monsanto Co., 14 F.3d 697 (1st Cir. 1994) (misrepresentation claimed by early retiree against employer preempted under ERISA). While the first circuit has acknowledged concern that ERISA preemption in benefit misrepresentation suits "often leaves the plaintiffs remediless", the court nevertheless found that ERISA preemption applies where they "relate to an employee benefit plan." See Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790, 794 (1st Cir. 1995) (former employee and his spouse sued employer in state court alleging negligent misrepresentation with respect to employee's prospective benefits under early retirement plan).

There has been a difference of opinion as to whether misrepresentation claims against insurance brokers and agents are preempted by ERISA. Compare Morstein v. National Ins.

5

Services Inc., 93 F.3d 715, 723 (11th Cir. 1996) (employer state law claim against independent insurance agent for fraudulent inducement to purchase in negligence and process her application for ERISA-governed insurance plan not preempted) and Perkins v. Time Ins. Co., 898 F.2d 420, 473-74 (5th Cir. 1990) (same) with Farlow v. Union Cent. Life Ins. Co., 874 F.2d 791 (11th Cir. 1989) (fraudulent misrepresentation claim against insurance agent preempted), Hollingshead v. Matsen, 40 Cal. Rptr.2d 603, 612 (Cal. App. 1 Dist. 1995) (ERISA preemption applies to agent allegedly solicited plaintiff's participation in an ERISA plan and allegedly misrepresented plan coverage in order to induce plaintiffs to give up existing coverage and join the plan in violation of state statute), Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 281 (11th Cir. 1987), (claim against insurance agent for action relating to ERISA plan preempted). Also see Macomber v. Digital Equipment Corp., 865 F. Supp. 65, 71 (D. N.H. 1992) (state law claims for unpaid severance benefits based upon alleged misconduct prior to the adoption of an ERISA plan and seeking benefits under the plan as measured by the benefits which would otherwise have been provided by the plan and preempted by ERISA).

In this case, the sole issue in dispute is whether the plaintiff's claims for pension benefits payable under a Defined Benefits Plan should be based on the figures provided to the plaintiff in 1996 and in 1997 or on figures provided to the plaintiff in 2002. This claim should be preempted because the plaintiff is asserting that she is entitled to more money based upon what she believes that she is entitled to under the Defined Benefits Plan rather than what the Defined Benefits Plan actually provides and thus her causes of action are related to the administration of the Defined Benefits Plan.

## CONCLUSION

The motion should be denied.

By their attorneys,

*/s/ Richard L. Neumeier*

Richard L. Neumeier
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

DATED: November 29, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for Plaintiff, Maria Miara and served upon the attorneys of record for defendant, First Allmerica Financial Insurance Company and upon Attorney William D. Chapman, whom has informed the undersigned that he represents Joseph F. Bonasera.

*/s/ Richard L. Neumeier*

Richard L. Neumeier