UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 1:04-CV-12188-WGY

* * * * * * * * * * * * * * * * *
MARIA MIARA,
    Plaintiff,

v.

FIRST ALLMERICA FINANCIAL
LIFE INSURANCE COMPANY,
JOSEPH F. BONASERA, BAKER
ASSOCIATES INSURANCE
AGENCY, INC. and
GARY M. BAKER,
    Defendants.

* * * * * * * * * * * * * * * * *

## OPPOSITION OF JOSEPH F. BONASERA TO PLAINTIFF'S MOTION TO REMAND

The defendant, Joseph F. Bonasera, hereby opposes the plaintiff's motion to remand on the grounds that the plaintiff's claims relate to the administration of her Defined Benefits Plan and are preempted by ERISA. Further support for this opposition is set-forth below.

## INTRODUCTION

Plaintiff asserts claims of promissory estoppel, negligent misrepresentation, malpractice, breach of contract, breach of guaranty, breach of good faith and fair dealing, and violation of M.G.L. ch. 93A for money damages allegedly owed pursuant to a Defined Benefits Plan (the "plan") purchased by the plaintiff and her now deceased husband. Because the plaintiff's claims relate to the administration of the Defined Benefits Plan they are preempted by ERISA and the case should not be remanded.

## ARGUMENT

The plaintiff's claims are preempted by ERISA as the plaintiff's allegations relate to the administration of the plan. Section 514 of ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan..." 29 U.S.C. §1144(a); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1994). The "key question for section 514 purposes is whether the plaintiff's causes of action 'relate to' an employee benefit plan." Gianetti v. Mahoney, 218 F. Supp. 2d 8, 13 (D. Mass. 2002). A "law 'relates to' an employee benefit plan...if it has a connection with or reference to such a plan." Ingersoll-Rand, Co. v. McClendon, 498 U.S. 133, 139 (1990).

Misrepresentation claims that 'relate to' the plan under ERISA should be preempted pursuant to Section 514 of ERISA. See Carlos v. Reed Rolled Thread Die Co., 49 F.3d 790, 794 (1st Cir. 1995); Vartanian v. Monsanto Co., 14 F.3d at 700. The plaintiff's claims directly relate to the benefits she expected and ultimately received pursuant to the plan. In Vartanian v. Monstanto Co., the Court held that the plaintiff's claims were preempted by ERISA because "the existence of the...plan is inseparably connected to any determination of liability under the state common law of misrepresentation." 14 F.3d. at 700. Here, the plaintiff asserts that she expected approximately $2000 more a month than she ultimately received in benefits. The plan must be referred to in making determinations regarding the amount the plaintiff was entitled to receive, whether that amount was consistent with what she actually received and in determining her alleged damages. These determinations 'relate to' and are 'inseparably connected to' the plan at issue. As in Vartanian, the plan at issue in this case is directly connected to the facts of this case and therefore ERISA preemption applies.

Similarly, in <u>Carlos v. Reed Rolled Thread Die Co.</u>, the Court held that ERISA preempts the plaintiff's misrepresentation claims. 49 F.3d at 794. In <u>Carlos</u>, the Court found the claims preempted because they have "a connection with or reference to" the plan at issue. <u>Carlos v. Reed Rolled Thread Die Co.</u>, 49 F.3d at 794. The court further stated that if the plaintiff was successful, the court would be forced to refer to the plan as well as the misrepresentations in order to calculate the damages. <u>Id.</u> Because the court would be forced to reference the plan to calculate the damages, the claims were preempted. <u>Id.</u>

As in <u>Carlos</u>, the plaintiff in the case at bar alleges damages that relate to the plan. She alleges she was to receive approximately $2,000 more in benefits through the plan. In order to make determinations regarding her alleged damages, the Court would be forced to refer to BOTH the benefits as set-forth in the plan, the benefits she ultimately received, and the alleged misrepresentations of the defendants. <u>See id.</u> Thus, the claims here should be preempted as these determinations relate to the plan.

The plaintiff relies upon <u>Cuoco v. Nynex, Inc.</u> to support her position that ERISA preemption does not applies. 722 F. Supp. 884 (D. Mass. 1989). In <u>Cuoco</u>, the plaintiff did not in fact have ANY benefits pursuant to the employee benefit plan. <u>Cuoco</u>, 722 F. Supp. at 886-87. Thus, her claims were not preempted as they were not based upon the plan. <u>Id.</u> This case is distinguishable from <u>Cuoco</u>. Here, the plaintiff's claims relate directly to what benefits she received under the plan. The terms of the plan and the money received by the plaintiff pursuant to the plan are directly at issue in this case and thus, it is distinguishable from <u>Cuoco</u>. Likewise, the instant case is distinguishable from <u>Industrial Technical Services v. Phoenix Home Life Mutual Insurance Co.</u>, 866 F. Supp. 48, 50 (D. Mass. 1994) as this case involves the calculation

of benefits to be paid to the plaintiff.

## CONCLUSION

WHEREFOR, the plaintiff's motion should be denied as the plaintiff's claims and ultimately her alleged damages relate to the plan and must be preempted by ERISA.

JOSEPH BONASERA,

By his attorneys:

William D. Chapman, BBO# 551261
Kerry D. Florio, BBO# 647489
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
617-523-6200

## CERTIFICATE OF SERVICE

I, Kerry D. Florio, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

>Shannon M. Fitzpatrick
>NATHANSON & GOLDBERG, P.C.
>Two Oliver Street
>Boston, MA 02109
>
>Richard L. Neumeier
>Morrison Mahoney, LLP
>250 Summer Street
>Boston, MA 02210
>
>William T. Matlack
>Sullivan & Worcester LLP
>1 Post Office Square
>Boston, MA 02109

_____
Kerry D. Florio

Date: 12/2/04